UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALLEN LASHAWN PYRON,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS –
CENTRAL OFFICE, TOM ROY,
Commissioner Department of Corrections,
MINNCOR INDUSTRIES, INC.,
GUY PRIAS, CEO Minncor Industries, Inc.,
SKYWORTH ELECTRONIC COPORATION,
SKYWORTH/ AMP'D ELECTRONICS, INC.,
ACCESS CATALOG, DEPARTMENT OF
HUMAN SERVICES, LUCINDA JESSON,
Commissioner Department of Human
Services, and DEPARTMENT OF HUMAN
SERVICES,

        Defendants.

Civil No. 12-1760 (PJS/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I.  BACKGROUND**

In 2008, Plaintiff was civilly committed to the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. See In re Commitment of Pyron, No. A08-638 (Minn.App. 2008), 2008 WL 4007433 (unpublished opinion). In April 2011, he was

transferred from MSOP to the Minnesota Correctional Facility at Lino Lakes, Minnesota, because of a parole violation. (Complaint, [Docket No. 1], p. 3, ¶ 1.) While Plaintiff was at the Lino Lakes facility, he "purchased a 15" Amp'd television from the Minncor Industries, Inc. Canteen" at a cost of $251.75. (Id., ¶ 3.) Plaintiff was later transferred to the Minnesota Correctional Facility at Rush City, Minnesota, and he apparently took his television with him when he was transferred.

During the weekend of March 17-18, 2012, Plaintiff's television began to malfunction. The television "started blinking" and "made a hissing sound." (Id., ¶ 4.) Then "the backlit went out," and ultimately the television had no picture, only sound. (Id.) Plaintiff discovered that four other inmates' televisions also "blew out." (Id., p. 4, ¶ 7.)

Plaintiff informed the prison maintenance staff about his broken television, and asked them to determine whether there had been a "power surge" that could have caused the problem. (Id., p. 3, ¶ 6.) A "diagnostic test" was performed, but "no problem [was] found." (Id.) After conducting some further investigations, the Minnesota Department of Corrections, ("DOC"), concluded that the company that manufactured the television, Defendant Amp'd Electronics, had been "knowingly selling defect[ive] TVs." (Id., p. 4, ¶ 12.) The DOC made arrangements with Amp'd Electronics to have Plaintiff's defective television repaired, but he had no television for several months. (Id., ¶s 13-14.) After Plaintiff's television was repaired and returned, it "worked fine until the weather conditions got worst." (Id., ¶ 14.)

Approximately ten to twelve days after Plaintiff's television was returned to him, he was discharged from prison and returned to MSOP. However, Plaintiff has continued to have problems with his television. It "started blinking, and then went out on 5 different

2

occasions," and later developed "a white dot that is on the screen" that is "not going away." (Id., ¶ 15.) Plaintiff alleges that this is now the second time his television "gave up and broke down," and he is "very perturbed of the situation." (Id., ¶ 16.) He apparently has talked to someone at MSOP about his television, but his requests for help have "fallen on deaf ears." (Id., ¶s 17-18.)

Based on the allegations outlined above, Plaintiff is now attempting to sue ten named Defendants, including the DOC, the Commissioner of the DOC, Minncor Industries and its CEO, "Skyworth/ Amp'd Electronics, Inc.," "Access Catalog," the Minnesota Department of Human Services, ("DHS"), and the Commissioner of the DHS. Plaintiff claims that Defendants "knowingly engaged in negligence by selling faulty products." (Id., p. 5, ¶ 1.) He is seeking a judgment against the named Defendants that would provide him with a "brand new 15" Amp't television" with a "lifetime warranty." (Id., ¶s 2-3.) He is also seeking compensatory damages in excess of $75,000.00, and punitive damages in excess of $75,000.00. (Id., ¶s 4-5.)

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

In this case, there are no grounds for federal subject matter jurisdiction. Subject

3

matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because Plaintiff has not pleaded a cause of action based on the Constitution, laws or treaties of the United States. Instead, Plaintiff has plainly indicated that he is attempting to sue Defendants based on a <u>state</u> common law cause of action – namely negligence. The caption of Plaintiff's complaint, and his prayer for relief, plainly indicate that he is attempting to sue Defendants for negligence, which is <u>not</u> a federal law cause of action.

The Court recognizes that Plaintiff's complaint mentions several federal statutes pertaining to consumer product warranties. (<u>See</u> Complaint, p. 3, "Statement of Jurisdiction," ¶ b., citing 15 U.S.C. §§ 2302-2312.) However, the allegations in the complaint do not present a cause of action based on any of those statutes. Plaintiff has not alleged that any of the Defendants was legally obligated, under federal law, to provide him with any particular warranty. Nor are there any allegations showing that any Defendant actually did provide any warranty to Plaintiff. Furthermore, there are no facts showing that any Defendant breached any specific terms of any specific warranty. Indeed, the "Statement of Claim" section of Plaintiff's complaint never even mentions the word "warranty." In short, the complaint does not set forth any cause of action against any Defendant based on any federal warranty statute, or any other federal law. Therefore, federal subject matter jurisdiction cannot exist under § 1331.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In this case, diversity of citizenship does not exist, because Plaintiff and several of the named

Defendants reside in the same state – Minnesota.  Plaintiff apparently believes that diversity of citizenship exists if <u>any</u> Defendant is a resident of a state other than the state in which he resides – i.e., if <u>any</u> Defendant is not a resident of Minnesota.  However, that is simply not correct.  Diversity of citizenship exists only if there is <u>complete</u> diversity – i.e., if <u>no</u> Defendant resides in Minnesota.  <u>See</u> <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant"). The complete diversity of citizenship required by § 1332(a) obviously does not exist here.[1]

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute.  The Court will therefore recommend that Plaintiff's IFP application be denied, (<u>see</u> 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2]

---

[1] Even if all of the Defendants resided outside of Minnesota, and complete diversity therefore existed in this case, jurisdiction still would not exist under 28 U.S.C. § 1332, because the statutory "amount in controversy" requirement has not been met.  In order to satisfy the amount in controversy requirement, a plaintiff must allege facts showing that he has sustained damages that exceed the jurisdictional minimum of $75,000.00.  Although the amount of damages demanded in the complaint normally will determine whether the amount in controversy requirement is satisfied, the demand of the pleading is not conclusive in every case.  Regardless of how much money the plaintiff is requesting, federal courts can, and should, refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  <u>Larkin v. Brown</u>, 41 F.3d 387, 388 (8th Cir. 1994), quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938).  Here, Plaintiff's complaint indicates that he is seeking damages in excess of $75,000.00, but it is virtually certain that Plaintiff could not recover damages anywhere close to that amount.  The original cost of the television set at issue was less than $300.00, and nothing in Plaintiff's complaint suggests that he could sustain a damage claim for more than that amount, (at most).

[2] The Court's recommendation that this action be dismissed for lack of jurisdiction does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that he cannot pursue his current negligence claims in federal court.  However, if Plaintiff

### III.   RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: July 30, 2012              s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **August 14, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.

---

were to file his present complaint in state court, it probably would not survive a motion to dismiss.  Plaintiff's complaint does not appear to state a cause of action on which relief can be granted, because it does not adequately describe what, specifically, each individual Defendant actually did (or failed to do) that allegedly entitles Plaintiff to a judgment against that particular Defendant.  (Indeed, most of the Defendants listed in the caption of Plaintiff's complaint are not even mentioned in the "Statement of Claim" section of the complaint.)  Therefore, while it is possible that Plaintiff might still be able to sue one or more of the named Defendants (in state court), it is highly doubtful that he could do so based on the allegations in his current pleading.

6